## Central Trust and Savings Company et al. v. Mencke et al.

*Harold B. Beitler*, for plaintiffs; *Harry M. McCaughey*, for defendants.

DAVIS, J., sitting in summer court, Sept. 10, 1930.—Under all the evidence I am of opinion that the complainants are entitled to some relief. The operation of these so-called golf courses is not a nuisance *per se*. It all depends upon the location of the golf course, the manner of its operation, and the hours within which it is operated, if it is operated in a residential neighborhood. The operation of these golf courses comes within the requirements of the Ordinance of June 3, 1926, requiring a license for the operation of places of amusement. The enforcement of this ordinance is for the Department of Public Safety. There is a penalty for violation of the ordinance. That applies with equal force to the operation of these golf courses on Sunday. I do not think that they should be operated on Sunday, and one of the proprietors of this particular golf course admits that he knows he is violating the law. The municipal authorities know that the operation of these golf courses on Sunday is a violation of the law, yet they countenance it by allowing the pro-

prietors to march to the City Hall and pay their fine on Monday morning for violating a law of which they are cognizant.

The objection to the operation of this particular golf course is the fact that it is within nine feet of the wall or house line of the apartment house known as the Fairfax Apartments. Whilst the operation of a golf course in one section might not be a nuisance, in another it might be; and under the testimony in the instant case the operation of this golf course at night until 1 o'clock in the morning and later is an annoyance, and such a disturbance of the peace, quiet and comfort, as well as the health of the immediate residents of the neighborhood, and particularly those tenants of the apartment house whose rooms overlook the golf course, as to amount to a nuisance. Whilst it is not possible to fix a definite time within which these courses should be operated, or may be operated, at night, because, as I have already said, it depends to a great extent upon the location of the course, in the instant case the course is lighted by arc lights of unusual power, from 300 to 750 watts, which causes an extraordinary illumination in the bedrooms of the tenants in the apartment house.

As to the prayer of the bill restraining the defendants from operating the golf course under the name of the Fairfax, the complainants have not shown such a right to the exclusive use of the name Fairfax as to prevent its use by the proprietors of the golf course. I am convinced, however, that the complainants are entitled to relief to the extent that the course should not be operated after 9 o'clock in the evening. Of course, the question of controlling the persons who play is a police regulation, and if there is undue noise the complainants should notify the proper police authorities in order to suppress it. That cannot be suppressed by a decree in equity. A decree will be prepared restraining the operation of this golf course after 9 o'clock in the evening, standard time.

As to the use of the name Fairfax, the bill is dismissed. If the operation is conducted in such a manner as to be a nuisance during the day, that may be taken up at a later time.

The complainants may enter security in the sum of $200. As to the operation of the golf course on Sunday, I do not know that I can prohibit the operation of the course on Sunday, because there is an adequate remedy at law. Personally, I am satisfied that it should not be conducted on Sunday at any hour.